STATE *vs.* ULRIC CHARTRAND.

Androscoggin.    Opinion August 17, 1894.

</div>

*Intox. Liquors.    Search and Seizure.    Warrant.    Pleading.    Surplusage.*

It is no ground for arrest of judgment that a warrant for search and seizure contains a command to the officer to search the person, when no such corresponding allegation is contained in the complaint.

It may be regarded as surplusage, there being sufficient without it to constitute a record complete in itself, and upon which to found a verdict and judgment.

ON EXCEPTIONS.

The defendant having been convicted on a search and seizure process filed the following motion in arrest of judgment:

"And now after trial and verdict of guilty and before judgment, the said Ulric Chartrand comes, etc., and says that judgment ought not to be rendered against him, because he says that said complaint and the warrant annexed thereto, and the matters therein alleged, in the manner and form in which they are therein stated, are not sufficient in law for any judgment to be rendered thereon, and the said complainant and warrant is bad in the following particulars:

"The said complaint was made and sworn to by the complainant, F. L. Odlin, before the clerk of the Lewiston Municipal Court, and the said warrant was signed and issued by said clerk. The said process of complaint and warrant was therefore illegal, unconstitutional and void.

"Said warrant contains a command to the officer executing it to search the person of the defendant, Ulric Chartrand, if he shall have reason to believe that said defendant has the intoxicating liquors mentioned in said complaint concealed about his person; and there being no corresponding allegation in the said complaint, or prayer for process to search the person of the defendant, Ulric Chartrand, said warrant was illegal, unconstitutional and void.

"All acts of the legislature purporting to grant power to the said clerk of the Lewiston Municipal Court to hear all complaints and to sign and issue all warrants in criminal cases are *ultra vires* and unconstitutional and void.

"Wherefore, he prays that judgment on said verdict may be arrested, and that he may be hence dismissed and discharged."

The motion was overruled and the defendant excepted.

*Frank L. Noble,* for defendant.

*Henry W. Oakes,* County Attorney, for State.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J. Search and seizure process. After verdict a motion in arrest of judgment was filed, which was overruled, and to this ruling the defendant excepts.

The ground of arrest which is relied on is, that the warrant contains a command to the officer not set out in the complaint.

The complaint and warrant specifically designate the premises to be searched. The warrant, however, contains the further command to the officer to search the defendant if he has reason to believe that he has concealed said liquors about his person, and if they are found upon him to arrest him. There is no corresponding allegation in the complaint or prayer for process to search the person of the defendant.

A motion in arrest of judgment reaches only such errors as appear upon the face of the record. *State* v. *Carver*, 49 Maine, 588 ; *State* v. *Murphy*, 72 Maine, 433.

Nothing appears from the record that the command complained of has ever been acted on. No such claim is set up. There was a valid complaint and corresponding warrant aside from the alleged objectionable matter.

Eliminating from the warrant so much as refers to the search of the person, and the process is sufficient. The objection urged is, not that the record contains too little, but too much. Not that it empowered the officer with no authority, but with more than he could properly execute. Assuming that to be true, we are of opinion that it may be regarded as surplusage, and enough remains with that stricken out to constitute a record complete in itself and sufficient upon which to found a verdict and judgment.

It is somewhat analogous in principle to the case of an indictment containing several counts, one or more of which is bad, and a general verdict of guilty is rendered upon the whole. The current of authority in this country is that judgment and sentence will be sustained upon such counts as are valid, and a motion in arrest will not be sustained ; the judgment and sentence being considered as given in accordance with the offense properly laid and proved. *State* v. *Burke*, 38 Maine, 574 ; *Jennings* v. *Commonwealth*, 17 Pick. 80, 83.

It is unnecessary to consider the other objections as to the right of the clerk to hear the complaint and issue the warrant, as those have been passed upon by the court in another case. *State* v. *LeClair*, ante, p. 522.     *Exceptions overruled.*