### GANDREAU v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 15, 1924.)

No. 1722.

**1. Intoxicating liquors ⬉⟹249—Warrant for search of place need not name or describe owner or occupant.**

Under Act June 15, 1917, tit. 11, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c), incorporated into the National Prohibition Act by section 25 thereof (Comp. St. Ann. Supp. 1923, § 10138½m), and providing that "a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched," if the warrant is for the search of a person, the person must be named or described, and the thing to be searched for and seized particularly described; if for the search of a place, the place must be particularly described, as well as the thing to be there searched for and seized, but in such case it is not necessary to name or describe the owner or occupant.

⬉⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Intoxicating liquors ⊜249—Search warrant need not be directed to particular officer.**

Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), does not require a search warrant to be directed to a particular officer by name, and a warrant directed to the marshal of the district, "or any of his deputies, or any federal prohibition agent, or any civil officer of the United States duly authorized to enforce any law thereof," *held* valid.

3. **Intoxicating liquors ⊜249—Search warrant not required to recite affidavit to authorize search day or night.**

Act June 15, 1917, tit. 11, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j), authorizing a direction in a search warrant that it be served at any time of the day or night if it is positively shown by affidavit that the property is on the person or in the place to be searched, does not require the positive averment of the affidavit to be recited in the warrant.

4. **Searches and seizures ⊜3—Seizure is legal, if search warrant is sufficient on its face.**

An officer is justified in executing a search warrant in the nighttime, if it so directs and is regular on its face, and a seizure thereunder is legal, even though such direction was not authorized.

5. **Intoxicating liquors ⊜249—Return on search warrant.**

An officer, executing a search warrant, is not required by Act June 15, 1917, tit. 11, § 13 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼m), to state in his return that he delivered a copy of the warrant and a receipt for property seized thereunder to the person from whom it was taken as required by section 12 (section 10496¼l), and such fact may be shown by extrinsic testimony.

6. **Searches and seizures ⊜3—Return on search warrant may be amended.**

Return on a search warrant may be amended to conform to the facts.

7. **Searches and seizures ⊜3—Amendment of return on search warrant.**

That the officer who executed a search warrant has ceased to be such officer does not prevent amendment of his return on his testimony.

8. **Criminal law ⊜404(4)—Liquor lawfully seized admissible in evidence.**

Liquor, which is outlawed property under the Prohibition Act, and which was lawfully seized, is admissible in evidence.

Anderson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Criminal prosecution by the United States against John Gandreau. Judgment of conviction, and defendant brings error. Affirmed.

Daniel T. Hagan, of Providence, R. I. (John J. Rosenfeld and Charles A. Kiernan, both of Providence, R. I., on the brief), for plaintiff in error.

Harold A. Andrews, Sp. Asst. U. S. Atty., of Providence, R. I. (Norman S. Case, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendant was convicted of having unlawful possession of intoxicating liquor in violation of the National Prohibition Act (41 Stat. 305 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]) in the federal District Court for Rhode Island upon

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a criminal information presented by the United States attorney. Previous to the presentation of the information a search warrant had been issued by a United States commissioner to search "the saloon and cellar numbered 578 Social street, being the premises of John Doe and being situate in the city of Woonsocket and within the district above named," reciting that it was issued upon a complaint in writing supported by the affidavit of John W. Morrill, federal prohibition agent, "alleging that the laws of the United States, namely, the National Prohibition Act, have been and are being violated by the unlawful possession of certain intoxicating liquors containing one-half of 1 per cent. or more of alcohol by volume and fit for use for beverage purposes, the containers thereof, and certain property designed and intended for the unlawful manufacture of intoxicating liquor at the saloon and cellar numbered 578 Social street," etc.

[1] Under the warrant an entry was made and a search conducted at the saloon and cellar numbered 578 Social street, in said city of Woonsocket, on the 24th day of July, 1923, between 2 and 3 o'clock in the afternoon of that day, where a large quantity of liquor containing one-half of 1 per cent. or more of alcohol by volume and fit for beverage purposes was found and seized. At the trial, and before any testimony was taken, the defendant moved that the evidence obtained under the search warrant be suppressed, assigning seven reasons wherein he claimed that the warrant was illegal. This motion was overruled and the defendant excepted.

During the trial Francis W. Pollard, a federal prohibition agent, who executed the warrant and made the return, testified with relation to the seizure, and, subject to the defendant's exception, a bottle of beer seized at the time, shown to contain 5.18 per cent. of alcohol by volume, was put in evidence, the ground of the exception being that the warrant under which it was taken was invalid.

The particular grounds assigned for the invalidity of the search warrant were:

(1) That it authorized the search of the premises of no certain person.

(2) That it authorized the search of the premises of John Doe, and not of the defendant.

(3) That it did not attempt to describe the person whose premises were searched.

(4) That it did not state that the owner of the premises to be searched was unknown.

(5) That it was not directed to any particular officer to be served.

(6) That it authorized a search in the nighttime, without containing an affidavit that the affiant is positive that the goods to be seized are on the premises.

(7) That it was defective because it did not comply with the provisions of section 12 of the Espionage Act, title 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919. § 10496¼l), in that the return did not show that a copy of the warrant together with a receipt for the property taken was given to the defendant.

Pollard also testified that he gave a copy of the warrant, together with a receipt for the liquor, containers, and property taken, to the

defendant. The defendant excepted to the receipt of this testimony on the grounds (1) that it was too late to amend the return on the warrant; and (2) because there was no evidence that the officer, at the time he testified, was a federal prohibition officer. It appeared that he was a federal prohibition officer at the time he served the warrant, but had ceased to be such at the time he testified. The court directed the return to be amended by adding the following:

"I, Francis W. Pollard, certify that I am the officer who on July 24, 1923, served the search warrant issued by Archibald C. Matteson, United States commissioner for said district, on July 20, 1923, for the search of the saloon and cellar at 578 Social street in the city of Woonsocket in said district, on said premises.

"I further certify that a copy of the search warrant, together with a receipt for the property taken under said search warrant, was by me given to the person from whom the property was taken.          Francis W. Pollard.

"Subscribed and sworn to before me this eighth day of January, A. D. 1924.
          "Wallace R. Chandler, Notary Public."

The first four grounds of objection as to the validity of the warrant are in substance the same—that it does not state the name or describe the person who was the owner or in possession of the premises to be searched or that his name was unknown.

The Fourth Amendment to the Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Title 11 of the Espionage Act (40 Stat. 228 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.]), by section 25, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), is made a part of the latter act, and section 3 of title 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c) provides:

"Sec. 3. A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

The contention of the defendant is that, by reason of the provisions of section 3, it is essential that a search warrant, in addition to particularly describing the place to be searched and the property to be seized, should also name or describe the owner or occupant of the premises to be searched or state that his name is unknown.

We, however, are of the opinion that Congress, in the enactment of section 3, simply restated the requirements for a search warrant made essential by the provisions of the Fourth Amendment to the Constitution for the searching of persons or places, namely: That a search warrant should not issue (1) but upon probable cause; (2) supported by affidavit; (3) that if a person is to be searched and property on his person seized, the person to be searched shall be named or described and the thing to be searched for and seized particularly described; and (4) that. if a place is to be searched, the place shall be particularly described as well as the thing there to be searched for and seized. Neither the statute nor the provisions of the Constitution un-

dertake to state how or in what manner the place to be searched shall be particularly described, but it is evident that the description must be such as to enable the officer readily to find it.

Sections 6 and 10, title 11, of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼f, 10496¼j) give support to this construction. Section 6 requires the judge or commissioner issuing a search warrant to a civil officer to insert therein a direction "commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge or commissioner," and section 10 speaks of "property * * * on the person or in the place to be searched." In this case the search warrant was not to search a person, but to search a place. There can be no question but that the place to be searched was particularly described in the warrant, and we are of the opinion that, as the statute does not require the name of the owner or occupant of the premises to be stated in the warrant, the place to be searched being otherwise particularly described, the first four grounds of objection cannot be sustained. See, on this question, Metcalf v. Weed, 66 N. H. 176, 19 Atl. 1091; State v. Moore, 125 Iowa, 749, 101 N. W. 732; McSherry v. Heimer, 132 Minn. 260, 156 N. W. 130; United States v. Borkowski. (D. C.) 268 Fed. 408; United States v. Friedman (D. C.) 267 Fed. 856; Petition of Barber (D. C.) 281 Fed. 550; United States v. Camarota (D. C.) 278 Fed. 388.

In some states there are statutes regulating search warrants, which also require that the name of the owner of the premises be stated if known, and if not known stated as unknown. And where such requirements are provided they undoubtedly must be complied with. But section 3 contains no such requirement.

[2] The warrant in this case was directed to the "United States marshal for the district of Rhode Island, or any of his deputies, or any federal prohibition agent, or any civil officer of the United States, duly authorized to enforce any law thereof."

The fifth objection is that the warrant was not directed to a particular officer by name. In support of this objection the defendant relies on section 6, wherein the judge or commissioner is required to issue the search warrant "to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States," as though it required that the warrant be issued to a particular officer by name. But we do not think section 6 should be so construed. for section 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼g) provides that "a search warrant may in all cases be served by *any* of the officers mentioned in its direction, but by no other person, except," etc., clearly contemplating that the warrant may be directed to certain officers for service, and served by any one of them.

Section 10, title 11, of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j) provides:

"Sec. 10. The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which cases he may insert a direction that it be served at any time of the day or night."

[3] Under this section it is the affidavit or affidavits, upon which the warrant is based, that are to be positive that the property to be seized is in the place to be searched, and, if they are positive, then the judge or commissioner "may insert a direction that it be served at any time of the day or night." In this case the affidavit of the officer procuring the warrant has not been made a part of the record, and we cannot know what it contained, except so far as its contents are recited in the warrant.

The defendant, however, by his sixth objection, seems to think that the warrant must contain a recital from the affidavit stating positively that the articles to be seized are on the premises, for, in that objection, he says:

"The search warrant authorized a search in the nighttime without containing an affidavit that the affiant is positive that the goods to be seized are on the premises."

But the statute does not require that the warrant shall contain a recital of the positive statement of the affiant—that the property is in the place to be searched—to authorize the insertion of a direction that it be served at any time of the day or night. The statute is explicit that such a statement is to be in the affidavits.

But, even on the defendant's assumption that the warrant should contain a recital of a positive statement of the affiant to that effect, we think it contains such a recital. The warrant shows that it was applied for on the 20th day of July, 1923, and in it the commissioner recites, as facts stated in the affidavit:

"That the laws of the United States, namely the National Prohibition Act, have been and *are being violated by the unlawful possession of certain intoxicating liquor* containing one-half of 1 per cent. or more of alcohol by volume and fit for use for beverage purposes, the containers thereof, and certain property designed and intended for the unlawful manufacture of intoxicating liquor, *at the saloon and cellar numbered 578 Social street,*" etc., and that the affiant, naming him, "made a personal visit to the saloon and cellar numbered 578 Social street, Woonsocket, R. I., July 18, 1923, when he purchased a drink of whisky containing more than one-half of 1 per cent. of alcohol," etc.

This is a recital of a positive statement taken from the affidavit that, at the time of the application for the warrant, the liquor to be seized was on the premises to be searched and that the affiant purchased liquor there on July 18, only two days before the application for the warrant. It would be difficult to make a more positive and convincing statement that the saloon and cellar at No. 578 Social street was a rum shop, where liquor was then being kept and sold.

[4] Furthermore, the warrant was sufficient on its face, as the statute does not require that it should appear in the warrant that the affidavit was positive that the liquor was then upon the premises. Being sufficient on its face, the officer would have been justified in executing its mandate in the nighttime, even though the affidavit had not contained the positive statement. The magistrate issuing the warrant might be responsible for any damages, but the seizure would be legal if the officer pursued the mandates of the warrant.

On the question whether the search warrant would be invalid and the seizure illegal, the seizure having been made in the daytime, had section 10 required that it contain a positive recital from the affidavit that the liquors to be seized were on the premises to be searched and such recital was omitted, the authorities appear to be in conflict. See Hussey v. Davis, 58 N. H. 317; Guenther v. Day, 6 Gray (Mass.) 490; State v Chartrand, 86 Me. 547, 30 Atl. 10, affirmed in State v. Connolly, 96 Me. 405, 52 Atl. 908; and State v. Sabo, 108 Ohio St. 200, 140 N. E. 499. But section 10 does not so require, and if it did the warrant contained the required recital.

[5] Sections 12 and 13, title 11, of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1923, §§ 10496¼l, 10496¼m), provide:

"Sec. 12. When the officer takes property under the warrant, he must give a copy of the warrant together with a receipt for the property taken (specifying it in detail) to the person from whom it was taken by him, or in whose possession it was found; or, in the absence of any person, he must leave it in the place where he found the property.

"Sec. 13. The officer must forthwith return the warrant to the judge or commissioner and deliver to him a written inventory of the property taken, made publicly or in the presence of the person from whose possession it was taken, and of the applicant for the warrant, if they are present, verified by the affidavit of the officer at the foot of the inventory and taken before the judge or commissioner at the time, to the following effect: "I, R. S., the officer by whom this warrant was executed, do swear that the above inventory contains a true and detailed account of all the property taken by me on the warrant.' "

It appears that the officer who served the warrant gave a copy of the warrant, together with a receipt for the property taken, to the defendant; that he forthwith returned his warrant to the commissioner, and on the back of it stated:

"By virtue of the within warrant I have this twenty-fourth day of July, A. D. 1923, searched the within described premises and have seized therein, and conveyed to a place of safety, to wit, Federal Building, Providence, Rhode Island, the following described liquors, the containers thereof, and property designed for the manufacture of intoxicating liquor to wit:"

Then follows an inventory of the things seized, at the foot of which was appended an oath taken before the commissioner, as follows:

"I, Francis W. Pollard, one of the officers by whom this warrant was executed, do swear that the above inventory contains a true and detailed account of all property seized by me on this warrant.        Francis W. Pollard.
"Subscribed and sworn to before me this twenty-fifth day of July, A. D. 1923.
                              "Archibald C. Matteson,
        "United States Commissioner for the District of Rhode Island."

This affidavit is in substance and effect the same as that prescribed in section 13, and the testimony shows that the requirements of section 12 were in fact complied with. The officer, however, failed to state in the return indorsed on the warrant that he had given a copy of the search warrant and a receipt for the property taken to the person from whom it was taken. The statute does not require that the warrant shall contain a specific direction to the officer to deliver a copy of the warrant with a receipt for the property taken to the person from whom it is taken, or that he should state in his return that he has done so. As far as this court went in Murby v. United States,

293 Fed. 849, was to hold that, in the absence of proof that the requirements of section 12 (all of which relate to the execution of the warrant) had been complied with, the proceedings were void.

[6, 7] Even on the assumption that the return should have shown a compliance with the provisions of section 12, we see no reason for saying that it cannot be amended when it appears, as in this case, that its provisions were in fact complied with. It has been held, even in jurisdictions where the statute expressly provides that "the warrant shall require the officer * * * to make return of his proceedings thereon, with an inventory of such things sought as shall there be found, and of such things as, being liable to seizure, have been taken by him, and are in his custody" (Pub. Stat. N. H. c. 251, § 3; Hussey v. Davis, 58 N. H. 317), that the return indorsed on a search warrant may be amended to conform to the fact (State v. Spirituous Liquors, 75 N. H. 273, 275, 73 Atl. 169), and, having been amended, the seizure of the liquors under the warrant would be legal. The fact that Pollard had ceased to be a federal prohibition officer at the time he gave the testimony upon which the return was amended is immaterial. Phœnix Insurance Co. v. Wulf (C. C.) 1 Fed. 775, 779; 32 Cyc. 539.

[8] The liquor introduced in evidence at the trial on the information, being outlawed property and having been lawfully seized, was properly admitted in evidence. Park v. United States (C. C. A.) 294 Fed. 776; Gouled v. United States, 255 U. S. 298, 308, 309, 41 Sup. Ct. 261, 65 L. Ed. 647.

The judgment of the District Court is affirmed.

ANDERSON, Circuit Judge (dissenting). With the foregoing opinion I cannot concur. Passing minor matters, a single point warrants brief mention.

The opinion goes on the theory that the positive statement required by section 10 is found in this search warrant. So to hold seems to me plainly error; and, what is of considerable importance, to make a precedent justifying the night clause in practically every search warrant. This warrant recites that:

"Whereas, complaint in writing, supported by affidavit, has this day been made before ———, Commissioner, by ———, Prohibition Agent, alleging that the laws of the United States, namely, the National Prohibition Act, have been and are being violated by the unlawful possession of certain intoxicating liquor * * * by reason of the facts stated in the said affidavit, to wit: said ———, Prohibition Agent, made a personal visit to the saloon * * * July 18, 1923, when he purchased a drink of whisky containing more than one-half of 1 per cent. alcohol for beverage purposes."

To me it is manifest from the warrant that the complaint alleges violation of law solely "by reason of the facts stated in said affidavit," to the effect that, two days before, whisky was bought on these premises. The words "by reason of the facts," etc., exclude any other basis for the warrant. Neither the complaint as recited nor the affidavit purports to contain a positive statement of the presence of intoxicating liquors on the premises on July 20, when the complaint was made. It is the ordinary application for the usual day search warrant.

It follows that the case presents the flat question as to whether evidence obtained on a search warrant containing the night clause. but served during the daytime, is admissible.

I concur in the statement on page 27 that, on that point, the authorities appear to be in conflict. I think the weight of argument is in favor of the invalidity of such warrant. Compare Hussey v. Davis, 58 N. H. 317; Giles v. United States (C. C. A.) 284 Fed. 208 and cases cited.