# CHARLESTON.

STATE *v.* ROY McKEEN

(No. 5391)

Submitted October 6, 1925.   Decided November 24, 1925.

SEARCHES AND SEIZURES—*Search Warrant Properly Describing Property to be Searched and Articles to be Seized, Need Not Name or Describe Owner or Occupant of Premises.*

A search warrant containing formal parts and properly describing the place to be searched and the articles to be seized, need not name or describe the owner or occupant of the premises.

(Intoxicating Liquors, 33 C. J. § 378.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Roy McKeen was convicted of possession of a moonshine still, and he brings error.

*Affirmed.*

*D. B. Evans, Martin Brown,* and *Charles J. Smith,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

Acting under a search warrant, Alonzo Prince, Deputy Commissioner of Prohibition, accompanied by five other State and Federal officers, on December 17, 1923, searched the dwelling house and premises of the defendant in Sand Hill District, Marshall county, where they found one complete thirty gallon still, 2 gallons of moonshine liquor, 24 quarts of home brew, 100 gallons of mash and 25 gallons of wine.

The defendant was tried and convicted in September, 1924, upon an indictment charging him with unlawfully and feloniously owning, operating, maintaining, possessing and hav-

ing an interest in a certain apparatus, mechanism and device for the manufacture of intoxicating liquors commonly known as a moonshine still. To the judgment of the court punishing him by a fine of $300.00 and confinement for two years in the penitentiary, he prosecutes error.

The defendant contends that the search warrant was void, and that the evidence thereby secured was improperly admitted against him. The warrant, with a double aspect, was issued under Section 9, Chapter 32-A, Code, commanding: (1) the arrest of ''John Doe'', charged with unlawfully manufacturing, selling, offering, exposing, keeping and storing for sale and barter intoxicating liquors as defined by Section 1 of Chapter 13, Acts of 1913, contrary to the laws of the State of West Virginia; and (2) the search of ''that certain house and premises located on the headwaters of Wherry Run known as the John Gardner farm on Sand Hill road, in Sand Hill District, in Marshall county, West Virginia'', the seizure of ''all liquors found therein, including any mixture of fermenting substances and materials commonly known as mash, together with all vessels, bar fixtures, screens, bottles, jugs and other appurtenances apparently used in the sale, keeping or storing of liquors contrary to law'', and the arrest of ''all parties and persons found in said premises''.

Neither Section 6, Article III of the State Constitution, providing that ''No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched or the person or thing to be seized'', nor the statute under which the warrant in question was issued requires that a search warrant contain more, besides its formal parts, than a particular description of the place to be searched and the thing to be seized. The fact that the paper did not justify the arrest of any one as answering the appellation ''John Doe'' without other designation, does not render it defective as a search warrant. The United States Circuit Court of Appeals of the First Circuit in the recent case of *Gandreau* v. *United States,* 300 Fed. 21, disposing of this question said:

"In this case the search warrant was not to search a person, but to search a place. There can be no question but that the place to be searched was particularly described in the warrant, and we are of the opinion that, as the statute does not require the name of the owner or occupant of the premises to be stated in the warrant, the place to be searched being otherwise particularly described, the first four groups of objection cannot be sustained".

Although there is some contention that the premises searched did not correspond with the description in the warrant, the evidence is ample to justify a different conclusion.

Finding no error upon consideration of the whole case, the judgment of the circuit court will be

*Affirmed.*