## UNITED STATES v. MURRAY.

(District Court, N. D. California. S. D. January 12, 1927.)

No. 18138.

1. **Intoxicating liquors** ⊜➠249—**Search warrant held not invalid, because it directs officer to hold property seized to be dealt with according to law (Espionage Act, tit. 11, §§ 6, 13 [Comp. St. §§ 10496¼f, 10496¼m]).**

Search warrant is not invalid because it directs the person executing it to seize the property, if found, and take it into possession, "that it may thereafter be dealt with according to law" notwithstanding Espionage Act, tit. 11, §§ 6, 13 (Comp. St. §§ 10496¼f, 10496¼m).

2. **Criminal law** ⊜➠395—**To exclude evidence as seized, under invalid search warrant defendant must show it belongs to him.**

Defendant, to be entitled to exclusion of evidence as seized under invalid search warrant, must show that it belongs to him.

Criminal prosecution by the United States against Walter Murray whose true name is M. J. McHugh. On motion to quash search warrant and exclude evidence. Denied.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

Edward A. O'Dea, of San Francisco, Cal., for defendant.

ST. SURE, District Judge. Motion to quash search warrant and exclude evidence. Certain property was seized on a search warrant issued by a United States commissioner, October 1, 1926.

[1] Although permitted by law to do so (United States v. Elliott et al. [C. C. A.] 5

F.[2d] 292), defendant made no objection before the commissioner to the form or sufficiency of the search warrant. But defendant now contends that the search warrant is invalid, for the reason that it contains the following direction regarding the property to be seized thereunder:

"And if found to seize the same and take it into possession, to the end that the said property may be thereafter dealt with according to law, and to make due return with written inventory of the property taken by you."

The contention of defendant is based upon his construction of section 6 of title 11 of the Espionage Act of June 15, 1917 (Comp. St. § 10496¼f), which construction, I think, is too narrow. Section 6 should be read in connection with section 13 of title 11 of the act (Comp. St. § 10496¼m), which plainly indicates that it is the intention of the act that the property be "taken," so as to be within the control of the officer issuing the search warrant. The absence of a literal direction to seize and bring before the proper official the property described is a mere irregularity in form only, and not a jurisdictional defect, which renders the proceeding void. Petition of Barber (D. C.) 281 F. 550; United States v. Edwards (D. C.) 296 F. 512.

[2] I am also of the opinion that there is merit in the government's contention that this application should be denied, because defendant's petition fails to allege that the property seized belonged to him. Lewis v. United States (C. C. A.) 6 F.(2d) 222; Armstrong v. United States (C. C. A. 9, No. 4930) 16 F.(2d) 62, decided November 29, 1926.

The motion is denied.