# CHARLESTON.

## STATE v. TONY BIARDO

### (No. 5289)

Submitted May 3, 1927.        Decided May 10, 1927.

> SEARCH AND SEIZURE—*Seizure of Moonshine Still and Other Appliances Used in Manufacture of Moonshine Liquor Proper Under Search and Seizure Warrant to Seize All Liquors Found Together With All Vessels, Bar Fixtures, Screens, Jugs, Bottles and Appurtenances Found on Premises Used in Connection Therewith.*
>
> The seizure of a moonshine still and other appliances used in the manufacture of moonshine liquor is proper under a search and seizure warrant to seize all liquors found together with all vessels, bar fixtures, screens, jugs, bottles and other appurtenances found on the premises used in connection therewith.

Error to Circuit Court, Marion County.

Tony Biardo was convicted of owning and operating moonshine still and he brings error.

*Affirmed.*

*A. Blake Billingslea* and *J. V. Blair, Jr.*, for plaintiff in error.

*Howard B. Lee*, Attorney General and *R. A. Blessing*, Assistant Attorney General, for the State.

WOODS, JUDGE:

Convicted by a jury in the criminal court of Marion county and sentenced to confinement for two years in the penitentiary, on an indictment for unlawfully and feloniously owning, operating, maintaining, possessing, and having an interest in, etc., a moonshine still, and being refused a writ of error by the circuit court, defendant prosecutes error to this Court.

The search warrant was issued on a proper complaint. The discrepancy between their dates—at most a mere clerical or

typographical error—not having been raised in any manner until the final hearing before this Court, will be treated as waived. *State* v. *Henderson,* 103 W. Va. 361; *State* v. *John,* 103 W. Va. 148. The form of the warrant is identical with that approved in *State* v. *McKeen,* 100 W. Va. 476. The indictment was drawn in the wording of the statute, and the motion to quash was properly overruled. *State* v. *Joseph,* 100 W. Va. 213; *State* v. *Abbott,* 98 W. Va. 159.

Two deputy sheriffs and the officer making the complaint testify that they searched the premises described in the warrant, and that they found a 16-gallon still complete, one 16-gallon pot to the still, one hydrometer, one shot gun, sixteen gallons of moonshine, one hundred gallons of mash, etc. Objection was made to all evidence relating to the finding of the still and other items, and a motion made to exclude same, on the ground that the warrant did not direct a search for and seizure of said articles, but that it specified ''all liquors, together with all vessels, bar fixtures, etc.'' The still was a vital part of the equipment of defendant's illicit liquor business. The officers, having made the search under a valid warrant, were entitled to testify regarding all articles found that pertained to defendant's business. *State* v. *Wills,* 91 W. Va. 659; *State* v. *Andrews,* 91 W. Va. 720; *State* v. *Edwards,* 51 W. Va. 220. The defendant demurred to the State's evidence, and on the same being overruled, moved the court to direct a verdict. This motion was also overruled. The jury returned a verdict of guilty, which is amply supported by the evidence.

Perceiving no error in this case, the judgment of the trial court must be affirmed.

*Affirmed.*