**UNITED STATES ex rel. SUNRISE PRODUCTS CO., Inc., v. EPSTEIN, U. S. Com'r.**

District Court, E. D. New York. July 11, 1929.

Harry Bass, of Brooklyn, N. Y. (Harold L. Turk, of Brooklyn, N. Y., of counsel), for relator.

Martin Neumann, Asst. U. S. Atty., of New York City, for respondent.

GALSTON, District Judge. This matter comes before the court on the petition of the relator for a writ of certiorari to review all proceedings had before the respondent, the United States Commissioner for the Eastern District of New York, to the end that a search warrant issued under the hand of the said United States Commissioner on May 9, 1929, directed to Carlos M. Bernstein, an agent of the Treasury Department charged with the duty of enforcing the National Prohibition Act, be quashed, vacated, and set aside.

The search warrant directed a search of premises "at Nos. 718–728 Atlantic Avenue, Brooklyn, County of Kings, City, State and Eastern District of New York."

The warrant was executed and a search made of the premises on May 10, 1929, and various drums, cans, and bottles containing liquids were seized, together with a file cabinet partly full of miscellaneous papers and stationery. Thereafter contraversion proceedings were begun by the respondent before the Commissioner, and the warrant was sought to be quashed upon the recital of some 13 objections, the most important of which is that it did not particularly describe the place to be searched.

In support of its contention, the relator cites: U. S. v. Chin On (D. C.) 297 F. 531; U. S. v. Innelli (D. C.) 286 F. 731; U. S. v. Mitchell (D. C.) 274 F. 128; U. S. v. Kozman (D. C.) 267 F. 866; U. S. v. Keydoszius (D. C.) 267 F. 866.

In the Innelli Case objection was made to the search warrant because of inadequacy in the description of the place. The court said: "It is described by street and number,

and the name of the person to whom the premises then or formerly belonged. Had the whole premises included within the description belonged, as was doubtless erroneously taken for granted, to the person whose place was meant to be searched, such a description as that given might meet all practical needs. The fact, however, is that the second floor of the premises belonged to a transportation company. It must not be forgotten that a warrant is a command which must be obeyed. It is true that the persons to whom it is directed are expected to use judgment and discretion in its execution, but the command is none the less imperative. Such a command should not direct a search which would be wholly unjustified. If the place described by street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a 'particular,' description. The evidence upon which the warrant issues should go to all the essential features of the authority given, and the particular place to be searched is one, and an important one."

In United States v. Rykowski (D. C.) 267 F. 866, the warrant was held to be invalid even though it stated an address by street and number in the city of Dayton with the name of the occupant, because of the fact that there were two streets of that name, one north and the other south.

In United States v. Chin On (D. C.) 297 F. 531, 533, the court held: "This warrant, as I construe its slipshod language, authorizes the search of a room or rooms which were on the third floor of a building numbered 24 Liberty Street and were occupied by a person whose true name was unknown, but who was also known as Fook Tsue Sung. On the testimony, he was a real person who occupied the next building, No. 23 Liberty Street. He did not occupy the rooms searched. If both front and rear buildings be regarded as coming within the number, 24, which was on the front one, there were several rooms on the third floors. The warrant does not specify which of these is to be searched, except by the statement as to occupancy, which was entirely erroneous and of no assistance in locating them."

In United States v. Mitchell (D. C.) 274 F. 128, the search warrant commanded the officer to search the residence of the defendant at No. 880 Bush street. That was an apartment house in which the defendant lived with his family. The warrant was held to be invalid, as failing sufficiently to identify the premises to be searched.

Now while the respondent herein contends that the warrant is valid, neither in the argument of the motion nor in the brief which he filed was a single authority cited in support of the warrant; nor indeed does the respondent cite any authority on any question raised by the relator.

That there is conflict in authority is evidenced by a consideration of the following cases:

In United States v. Wihinier (D. C.) 284 F. 528, it appeared that the search warrant stated the number of the street, the city, and the name of the occupant who operated the business; and it was held that, though the premises were an apartment house, the warrant was held to be valid.

In Gandreau v. United States (C. C. A.) 300 F. 21, the warrant directed a search of "the saloon and cellar numbered 578 Social Street, being the premises of John Doe and being situate in the City of Woonsocket and within the district above named." The court said: "In this case the search warrant was not to search a person, but to search a place. There can be no question but that the place to be searched was particularly described in the warrant, and we are of the opinion that, as the statute does not require the name of the owner or occupant of the premises to be stated in the warrant, the place to be searched being otherwise particularly described, the first four grounds of objection cannot be sustained."

In United States v. Lepper (D. C.) 288 F. 136, the objection to the warrant was that the premises consisted of two separate flats occupied by separate families, and that the warrant lacked specificness as to the particular place to be searched. The objection was disregarded because, as the court stated: "The downstairs part of the dwelling where the intoxicating liquor was seized was occupied by the defendant, and that there were other tenants upstairs does not vitiate the search of the defendant's premises as directed in the warrant."

In Steele v. U. S. No. 1, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, the search warrant stated the premises to be "a garage located in the building at 611 West 46th Street, Borough of Manhattan, City and Southern District of New York." Mr. Chief Justice Taft delivered the opinion of the court and held that:

"The description of the building as a garage and for business purposes at 611 W.

984

46th Street clearly indicated the whole building as the place intended to be searched. It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended. * * *

"Nor did the search go too far. *A warrant was applied for to search any building or rooms connected or used in connection with the garage, or the basement or sub-cellar beneath the same.*" (Underlining mine.)

In United States v. Yablonsky (D. C.) 8 F.(2d) 318, the premises were described in the warrant as a certain three-story brick and stucco building at No. 17 Seymour street, Yonkers. The motion to vacate the warrant was denied even though the premises were in fact occupied as a two or three family house.

In Fry et al. v. United States (C. C. A.) 9 F.(2d) 38, the warrant described the premises as 1203½ First avenue, Seattle, Wash. The warrant in that case was sustained because the name of the occupant of the particular premises to be searched was given in the warrant. The court said: "It is not going too far to say that, if the keeper of a hotel or lodging house holds out that he has liquor for sale on his premises, and soon thereafter search warrant is duly issued to search the house or premises under control of the proprietor, he cannot set up that the warrant is void for indefiniteness merely because it omits to name any particular room or rooms in which he carries on the unlawful business."

It is seen, therefore, that the authorities are not in agreement as to the requisites of a description of the place named in the warrant; but in none of the foregoing cases does it appear that the legality of any warrant was sustained in the absence of language sufficiently definite to enable the searching officer to identify either the person or the *specific* premises to be searched. In those cases, for example, which hold a warrant to be valid which directs a search of an apartment house or other building occupied by divers persons, the particular part of such apartment house or building is by limitation confined either to premises therein occupied by a certain stated person or persons, or by designation of a certain part of the building, or as in Steele v. United States No. 1, cited hereinbefore, by a description of the character of the business carried on in the particular premises to be searched. In the instant case, however, the warrant falls within none of these limitations, for the warrant specifies the entire building, without naming the Sunrise Products Company, Inc., or any other person, firm, or corporation, despite the fact that in the hearing before the Commissioner from the testimony of the agent Bernstein it appeared that the premises in question were a loft building and that the Sunrise Products Company, Inc., occupied but a part of the fourth floor of those premises. These facts clearly distinguish the instant case from the facts of any of the foregoing cases.

■ In these circumstances, was the warrant in question issued in conformity with the provisions of Title 18, Criminal Code and Criminal Procedure, section 613 (U. S. Code Annotated): "A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched. (June 15, 1917, c. 30, Title XI, Sec. 3, 40 Stat. 228.)"

It seems reasonably clear from the foregoing that the phrase "naming or describing the person and particularly describing the property of the place to be searched" applies to the warrant, as well as to the affidavit. See United States v. Kaplan (D. C.) 286 F. 963, 966, in which it is stated: "The warrant should be full and complete in itself."

Suppose in the proceeding herein the warrant had issued, not to the agent who made application therefor, but to some other agent or officer, would the warrant, in such circumstances, have been sufficiently intelligible and definite on its face to enable such officer to make a reasonable search within the limits of the Fourth Amendment and the statute? Clearly not. Such agent would have been compelled under the command of the warrant to search the premises of innocent occupants of the loft building. It follows such a search would have been unlawful.

Now, the result thus reached is, of course, most unfortunate, for from the facts adduced it seems most likely that the prohibition agent uncovered a clear violation of the National Prohibition Law.

■ It may be noted in passing that the search herein conducted under the warrant was not only illegal, but also unreasonable, in that a cabinet file of papers and documents was seized, and should, of course, be returned forthwith. See In re 191 Front Street (C. C. A.) 5 F.(2d) 282, and United States v. Kirschenblatt (C. C. A.) 16 F.(2d) 202, 51 A. L. R. 416.

Accordingly, the motion to quash, vacate, and set aside the said search warrant is granted.

Settle order on notice.