**UNITED STATES ex rel. HEER v. FAY,**
**United States Commissioner.**

**No. C–2457.**

District Court, E. D. New York.

May 21, 1930.

Arthur A. Kestler, of Brooklyn, N. Y., for petitioner.

BYERS, District Judge.

Hearing on writ of certiorari by which a review is sought of the decision of the United States Commissioner in sustaining a search warrant and proceedings thereunder.

The petition for the writ specifies nine reasons why the warrant should be vacated and set aside, and the property seized thereunder should be returned to the petitioner, and the evidence secured under the said warrant be suppressed.

The petitioner's brief argues three points, which will be considered in the order in which they are advanced:

First: That the warrant contained a description of the premises, which was too broad and included premises to search which no probable cause was presented.

Reliance is placed upon the decision of this court in United States ex rel. Sunrise Products Co., Inc., v. Epstein, 33 F.(2d) 982.

The careful and thorough discussion of the authorities presented by the judge writing that opinion clearly points to the difference between that case and this, and the reasons which are advanced for the conclusion therein stated almost precisely exclude a similar holding in this case.

■ Second: That this warrant contained no description of the person whose premises were described in the warrant.

Such a description is unnecessary. See Gandreau v. United States (C. C. A.) 300 F. 21, In re Hollywood Cabaret (C. C. A.) 5 F.(2d) 651.

In reaching the conclusion herein stated, the case of United States v. Barkouskas (D. C.) 38 F.(2d) 837, has been examined as requested by the attorney for the petitioner.

■ Third: That the destruction by the prohibition agents of much of the liquor which they found on the premises was illegal and in excess of the authority conferred by the warrant, and rendered the whole proceeding trespass ab initio.

That contention is completely answered by the decision of McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556.

The conclusion announced by the Commissioner is sustained, and an appropriate order may be entered on two days' notice.