SPRING GARDEN INS. CO. OF PHILADELPHIA, PA., v. WOOD et al.

(Circuit Court of Appeals, Fourth Circuit. February 14, 1912.)

No. 1,043.

**1. TRIAL (§ 420\*)—WAIVER OF ERROR—REFUSAL TO DIRECT VERDICT—INSTRUCTIONS.**

Where, in an action on a fire policy, issued by an agent of insurer for his own benefit in a fictitious name, insurer moved for a directed verdict on all the evidence, including that showing that the agent had failed to notify insurer that the policy had been taken out for his own benefit, and that the agent, suing in his name, had produced in proof a policy issued to a fictitious person, and by bill of exceptions excepted to the refusal to direct a verdict, an instruction, given by consent of the parties, that insurer could only avail itself of the defenses pleaded, and that any testimony as to the failure of the agent to give the name of the owner of the property was not to be considered in determining insurer's liability, referred only to the defenses available after the refusal to direct a verdict, and insurer on writ of error could avail itself of the error in the refusal to direct a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.\*]

**2. INSURANCE (§ 81\*)—FIRE INSURANCE—OBLIGATION OF AGENT ISSUING POLICY FOR HIS OWN BENEFIT.**

An agent of a fire insurance company, who issues a policy to himself for his own benefit for the risk, including his ownership of the property, or the policy is not enforceable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 106; Dec. Dig. § 81.\*]

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Richmond.

Action by T. Gilbert Wood, who sues for the benefit of himself and others, against the Spring Garden Insurance Company of Philadelphia, Pa. There was a verdict for plaintiffs, and defendant brings error. Reversed, and remanded for new trial.

George Bryan, for plaintiff in error.

James R. Caskie and George E. Caskie (Caskie & Caskie, on the brief), for defendants in error.

Before PRITCHARD, Circuit Judge, and CONNOR and SMITH, District Judges.

SMITH, District Judge. The defendant in error, T. Gilbert Wood, was the agent of the Spring Garden Insurance Company of Philadelphia, at Burkeville, Va. As the agent of that company he issued a policy of insurance, dated 24th of December, 1909, upon a piece of property known as the Haytokah Inn, situated in Burkeville, Va. In his report to the company, which he was required to make whenever a policy was issued, he wrote under the column for the insertion of the name of the insured simply the words "Haytokah Inn." This name was simply a designation of the property, and not the name of a firm or company. Wood was the owner of the Haytokah Inn, but did not in his report to the company communicate to them that fact. The

property having been destroyed by fire on the 2d of February, 1910, Wood brought action in his own name against the Spring Garden Insurance Company to recover the amount of the policy. The action was brought in the circuit court for the county of Nottoway, Va., but was by the defendant duly removed to the Circuit Court of the United States for the Eastern District of Virginia.

To this proceeding the defendant filed two special pleas. The first was a plea that there had been a breach of the condition in the policy that the entire policy should be void if the insured had or should thereafter procure or make any other contract of insurance, whether valid or not, on the property covered in whole or in part by the policy. The other special plea was a plea of nonpayment of the premium for the policy.

When the case was called for trial, it was agreed and entered in open court that the defendant should withdraw its pleas, theretofore filed, with the understanding that it should be allowed to make the same defenses under the general issue that it might have done under the special pleas, and then for its plea plead the general issue of not guilty. It is contended by the defendant in error (plaintiff below) that this limited the plaintiff in error (defendant below) to such defenses only as it could have set up under the special pleas; but the language of the agreement does not bear that construction. On the contrary, it would seem to bear the construction that the defendant should be allowed to plead the general issue, and in addition to such defense as could be availed of under the general issue it should have the right to avail itself of any defense that it could have done under the special pleas.

[1] After the conclusion of all the evidence the defendant, by its attorney, moved the court to instruct the jury to render a verdict in its behalf, which the court overruled, and rendered certain instructions to the jury, and among others the following (numbered 6) in the following words:

"By consent of the parties, the following charge is given: The court instructs the jury that the defendant company can only avail itself of the defenses pleaded; and any testimony as to the failure of the insured to give the name of the owner of the building in question, on the daily report, is not to be considered in determining the liability of the company, but may be considered in determining the credibility of the witnesses."

It is claimed by the defendant in error (plaintiff below) that under this consent instruction the plaintiff in error (defendant below) was debarred from making any question that the plaintiff had failed in his proof, inasmuch as he had sued upon the policy as issued to T. Gilbert Wood, and had produced to support his allegation a policy made to the Haytokah Inn, which was not the designation of any person, firm, or corporation, and, furthermore, was debarred under this consent instruction from insisting by way of defense that the plaintiff, although the agent of the company, had failed to notify the company that he was the real party in interest as the owner of the property, but, on the contrary, had notified the company, that the insurance was issued to a different party, to wit, Haytokah Inn.

The counsel for the plaintiff in error (defendant below) insists, un-

der the practice existing in the state of Virginia in similar cases at law, that this question was made by him when he moved the court below to instruct the jury to find a verdict in defendant's behalf at the close of the testimony; that that motion was made upon all the evidence, and necessarily included the question that he was entitled to have the jury so instructed, because it appeared from all the testimony that the plaintiff, although the agent of the company, had failed to notify the company that the policy of insurance had been taken out for his own benefit, and because the plaintiff, although suing in his own name, had produced in proof of his claim the policy issued, not to himself, but to the Haytokah Inn, a fictitious person, and insists that his question is covered by his bill of exception No. 1, in which he excepts to the action of the judge below in refusing to direct a verdict. He insists, further, that the instruction No. 6, to which reference has been made, referred only to what defenses the plaintiff in error (the defendant below) could avail himself of under the testimony in the case after the judge had refused to grant the motion to direct a verdict. In the opinion of this court, this contention of the counsel for the plaintiff in error is correct, that under his bill of exception No. 1, he duly excepted to the failure of the court to direct a verdict upon the grounds stated, and that he is entitled to make the question in this court.

[2] The position of an agent of an insurance company who issues a policy to himself is one that calls for the utmost frankness of dealing between himself and his company. He has a right to apply to his company to insure his property; but, when he is dealing with himself, he should be careful to see that there can be no question as to the fact that his principal is fully informed of the risk, and especially of that material element in the risk involved in the ownership of the property. The defendant in error, as the plaintiff below, sued upon a contract made with himself. To support his allegation he produced the policy made to the Haytokah Inn. In the opinion of this court he was not entitled to recover upon this policy, unless he could show clearly that his principal was advised, when as its agent he sought to make it accept the policy and undertake the risk; that the words "Haytokah Inn" referred to T. Gilbert Wood, and that he was in reality the beneficiary.

It follows from this that under the evidence at the trial below the court should have granted the defendant's motion for a peremptory instruction on this point, and that the judgment below must be reversed, and the cause remanded for a new trial in accordance with this decision.

Reversed.