## WESTCHESTER FIRE INS. CO. OF NEW YORK CITY v. FITZPATRICK.

(Circuit Court of Appeals, Third Circuit. December 8, 1924.)

No. 3202.

1. **Insurance** ⟨key⟩124, 146(1)—Nature of "policy of insurance" stated; policy to be interpreted as other contracts.

A "policy of insurance" is nothing more than a contract whereby insurer undertakes to protect insured from loss arising from named risks, for the consideration, on the terms, and under the conditions recited, and in the main it is to be interpreted as other contracts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Policy of Insurance.]

2. **Insurance** ⟨key⟩668(5)—Whether defendants concealed, misrepresented, or made false oath as to material matter relating to policy held for jury.

Under fire policy conditioned to be void for any material misrepresentation, and for any fraud or false swearing of insured, whether insured's contract to sell premises in question, which was concealed by him in his exam-

ination under oath, was material concealment or misrepresentation relating to insurance, and whether he made false oath concerning such matter, *held* questions for jury.

**3. Insurance ⟨key⟩668(14)—Whether insured's refusal to subscribe examination as required by policy was justified held for the jury.**

Under policy provision requiring insured when required, to submit to examination under oath and to subscribe the same, and precluding suit on policy until full compliance therewith, *held*, that sufficiency of insured's justification of refusal to subscribe examination presented jury question.

**4. Trial ⟨key⟩194(11)—Instruction properly refused as invasive of jury's province under evidence.**

In action on fire policy, which required plaintiff to submit to examination and to subscribe same, an instruction that, if insured refused to subscribe examination under oath, verdict should be for defendant, was properly refused, under evidence making insured's justification of such refusal a jury question.

**5. Insurance ⟨key⟩668(14)—Whether excessive loss claimed violated condition against fraud or false swearing held for jury.**

Whether plaintiff's misrepresentation of amount of loss in proof of loss violated condition of fire policy regarding fraud or false swearing *held* for jury.

**6. Insurance ⟨key⟩668(9)—Whether building inspector's condemnation was result of connivance with insured held jury question.**

In action on fire policy, whether condemnation of insured building by city building inspector was bona fide, or was result of connivance with insured for purpose of evicting tenants, *held* a jury question.

**7. Insurance ⟨key⟩669(4)—Refusal of instruction as to misrepresentation and concealment held error.**

In an action on a fire policy, refusal to instruct that verdict should be for defendant if plaintiff misrepresented value of building or amount of loss, or concealed fact that building had been condemned by building inspector, *held* error.

**8. Insurance ⟨key⟩669(4)—Refusal to instruct in regard to increase of hazard by condemnation of building and instruction to tenants to vacate held error.**

In action on fire policy, refusal to charge that if city building inspector condemned building and insured notified his tenants of such condemnation and ordered them to vacate, hazard was increased, and defendant should have verdict, when modified by appropriate reference to bona fide character of condemnation, *held* error.

**9. Insurance ⟨key⟩668(5)—Contract of sale reserving title in vendor not change of "interest."**

Under fire policy providing against any change in interest, title, or possession of insured without insurer's knowledge or consent, a contract of sale between insured and another reserving title until delivery of deed, there was no such change of interest as would warrant direction of verdict for insurer; "interest" meaning insurable interest or interest that would alter the risk.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (in Property).]

**10. Trial ⟨key⟩242—Cumulative confusing instructions properly refused.**

In an action on a fire policy, cumulative instructions, embodying substantially all of defendant's contentions, *held* properly refused, as tending to confuse the jury.

**11. Insurance ⟨key⟩380—Agent owes insurer diligence and good faith.**

Agent of insurance company, in insuring property of a third person, must act in good faith toward his principal, and do nothing to militate against its interest, giving to his principal such information in respect to the hazards as by honest industry he can procure.

**12. Insurance ⟨key⟩81—Agent procuring insurance on own property must disclose every material fact.**

An insurance agent, when applying to his principal for insurance on his own property, having full and exclusive knowledge of the hazards, owes the utmost degree of good faith, and for him to withhold knowledge of any material fact is a fraud on his principal sufficient to avoid the policy.

**13. Trial ⟨key⟩261—Failure to instruct on matter referred to in rejected instructions held error.**

In action on fire policy, though defendant's instructions were properly refused as confusing, yet it was error to fail to instruct on obligation owed by plaintiff, who, as agent of insurer, procured insurance on his own property, which matter was referred to in instructions rejected.

Appeal from District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by Joseph F. Fitzpatrick against the Westchester Fire Insurance Company of New York City. Judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

Arthur T. Vanderbilt, of Newark, N. J., for plaintiff in error.

Charles J. Stamler, of Elizabeth, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This is an action on a policy of fire insurance issued by the defendant company in favor of the plaintiff, its local agent at Elizabeth, New Jersey, in the sum of $3,500 on an old frame ice house converted into a "two-home" dwelling, situate on an alley and occupied by colored people, which together with the land on which it stood had shortly before the fire been purchased by the insured for $2,800. The plaintiff had a verdict for $2,080; the defendant sued out this writ of error.

Continuing to speak of the parties as they stand on the record, the defendant states that the learned trial court in submitting the case to the jury restricted the issues

of fact to the value of the burned building (which is true) and by appropriate assignments of error complains that the court deprived it of all defenses arising under the policy save the one mentioned. If this is so, the case must be tried again, when the same questions will reappear and call for decision. We shall therefore briefly dispose of them in the order in which they have been presented.

[1] Keeping in mind that a policy of insurance is nothing more than a contract whereby one party undertakes to protect the other party from loss arising from named risks for the consideration and upon the terms and under the conditions recited, and that in the main it is to be interpreted, enforced and resisted like other contracts, we turn to the writing to find what the parties agreed upon. By one provision of the policy the parties agreed that:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It developed in the testimony that, some time after the policy was issued and before the fire, the plaintiff had entered into a contract to sell the premises in question (including the land) for $3,200, and that in an examination taken under oath, as provided by the policy, he had said nothing about this contract. The defendant moved for a directed verdict in its favor on the ground that the plaintiff, violating the quoted provision, had in his examination falsely and fraudulently concealed this fact. The court's refusal of the motion is assigned as error.

[2] Whether the contract of sale was a "material fact" which the plaintiff concealed or misrepresented in his examination and whether he made a false oath concerning this matter or any matter related to the insurance were questions for the jury which the court should have submitted in addition to the single question of value. In view of the fact that the plaintiff made an explanation, in way of justification, of what happened at the examination when he made the alleged concealment, misrepresentation and false swearing, we are of opinion that the learned trial court committed no error in denying the defendant's motion for a directed verdict on these grounds.

[3] By other provisions of the policy the parties agreed that:

"The insured, as often as required, shall * * * submit to examination under oath by any person named by this company, and subscribe the same."

"No suit or action on this policy for the recovery of any claim shall be sustainable * * * until after full compliance by the assured with all the foregoing requirements."

It was under this provision that the plaintiff submitted to examination; but, when requested, he refused to sign the transcript. The defendant moved for a directed verdict on this ground. The plaintiff, however, had given a reason for his refusal, the sufficiency of which was for the jury to determine. We are therefore of opinion that the trial court committed no error in refusing this motion.

[4] Touching the same subject the defendant specifies error in the court's refusal to charge the following instruction to the jury:

"If you find plaintiff refused to subscribe his examination under oath your verdict will be for the defendant."

Such an instruction, given in these restricted terms, would have deprived the plaintiff of his right to justify his refusal. This was his right and therefore the matter was for the jury. There was no error here.

[5] Nor do we find error in the court's refusal of the defendant's motion to direct a verdict in its favor on the ground that the plaintiff in misrepresenting the amount of loss in his proof of loss violated the condition regarding fraud or false swearing. This also was for the jury.

[6, 7] Aside from the plaintiff's contract of sale showing a purchase price for the whole property which was less than the claimed value of the building insured, another matter developed at the trial which had a bearing on both the value of the property and concealment of the risks insured against. The City Building Inspector examined the building, found it unsafe and in a dangerous condition and formally condemned it, commanding the plaintiff to demolish and remove it. Whether this condemnation was bona fide or was made in connivance with the plaintiff for the purpose of evicting the tenants was a question of fact for the jury to decide in connection with the issues of value and concealment.

With these facts in mind the defendant asked the court to charge the jury as follows:

"If you find that the plaintiff misrepresented the value of the building or the amount of loss caused by the fire, or concealed the fact that the building had been condemned by the building inspector, or concealed the fact that there had been a change in the interest, title, or possession of the said building, your verdict will be for the defendant."

Properly modified on the issue of condemnation, we see no infirmity in this prayer except in its reference to the concealment of the contract of sale. Certainly the other matters arose under the policy and were proper subjects of defense and should have been submitted to the jury. We are of opinion that the court's refusal to charge the substance of this prayer (except the phase in respect to change of interest of which we shall speak presently) was error.

[8] So, also, the court fell into error when it refused to change the instruction next prayed (when modified by an appropriate reference to the bona fide character of the condemnation), which was:

"If you find that prior to the fire the building inspector condemned the building and the plaintiff notified the tenants of such condemnation and ordered them to vacate the premises, there is an increase of hazard and your verdict will be for the defendant."

[9] The defendant, by several assignments, charges error to the trial court in its refusal to direct a verdict in its favor on the ground that the plaintiff, contrary to the terms of the policy, made a contract for the sale of the insured property which effected a change in "interest, title or possession" without its knowledge or consent. It is clear from this contract there was no change of "title," because the deed had not been delivered; nor was there a change of "possession," for the owner retained the property. The only question is whether there was a change of "interest." The contract of sale provided that:

"The risk of loss or damage to such premises by fire or otherwise until the delivery of the said deed is assumed by the party of the first part" (Fitzpatrick).

The risk which Fitzpatrick, the plaintiff owner, assumed in the sale contract was a risk to the same interest in the property against which he was initially insured. Was there a possible change of interest effected by this purely executory contract containing the quoted reservation? We construe the word "interest" as meaning either an insurable interest or an interest that would alter the risk. While under authority of many cases a contract of sale of property (without risks assumed by the vendor) would normally convey an insurable interest to the purchaser, the only interest in which risks were here involved was not conveyed but by express agreement of the parties stayed with this vendor (the plaintiff) until delivery of the deed. Without change of title, possession or insurable interest it is difficult to see how the contract of sale effected a change in the risk. However, we repeat that the transaction of sale was relevant to the question of value and was also admissible as matter concealed or withheld at the examination on the question of the plaintiff's alleged false swearing, of the materiality of which the jury was the judge. It is plain that the transaction of sale, standing alone, was not a ground for a directed verdict and, therefore, the court committed no error in refusing the motion.

[10] The tenth and fourteenth assignments of error are addressed to the court's refusal to charge the defendant's fourth and eighth prayers. These prayers are cumulative of about all the defendant's contentions and are therefore so involved that, if charged, they would have confused the jury. It was not error to refuse them. Yet, each contains a reference to a matter in respect to which the jury should have been instructed. This is the position of the plaintiff as agent of the defendant at the time he applied for and was granted insurance on his own property based on his own representations of value and his position during the period the policy was in force.

[11-13] In placing insurance upon property of a third person an agent of an insurance company is under a duty to act in good faith toward his principal and to do nothing to militate against its interest. This obligation is imposed not by special agreement but by rule of law. Ralston v. Turpin, 129 U. S. 663, 9 S. Ct. 420, 32 L. Ed. 747. The principal has the right to expect from its agent such information in respect to the hazards of the undertaking as by honest industry he can procure. But when applying to his principal for insurance upon his own property, the agent is in a position of higher responsibility, for then he has full and sometimes exclusive knowledge of the situation and knows every risk involved. He is therefore bound at all times to the utmost good faith in his disclosures. To withhold knowledge of any material fact in such case becomes a fraud on the principal, suffi-

cient to avoid the policy. Cascade F. & M. Ins. Co. v. Journal Publishing Co., 1 Wash. 452, 25 P. 331; Spring Garden Ins. Co. v. Wood, 194 F. 669, 671, 114 C. C. A. 416. The relation of interested agent and dependent principal bears directly on the evidential value of things done and omitted by the agent in soliciting and in continuing the insurance. The jury should, by appropriate instructions, have been informed of the character of this relation and its corresponding obligation to aid them in weighing the evidence. Firemen's Fund Ins. Co. v. McGreevy, 118 F. 415, 55 C. C. A. 543.

The judgment is reversed and a new trial awarded.