## MEMPHIS PRESS–SCIMITAR CO. v. CHAPMAN.

### No. 6062.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1933.

566

M. G. Evans, of Memphis, Tenn. (Sivley, Evans & McCadden, of Memphis, Tenn., on the brief), for appellant.

Ben Goodman, Jr., of Memphis, Tenn., and L. G. Fant, Jr., of Holly Springs, Miss. (Julian C. Wilson and Wilson, Kyser, Armstrong & Allen, all of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is from a judgment below awarding punitive and compensatory damages to the appellee resulting from a libel published in the appellant's newspaper. The appellee was the Deputy Prohibition Administrator for the Northern district of Mississippi, and a citizen of that state, and the appellant is a Tennessee corporation, having its principal place of business at Memphis. The questions presented relate to the right of the plaintiff below to recover punitive or exemplary damages, and the sufficiency of the charge of the court on the subject of compensatory damages.

The material facts are as follows: On October 28, 1929, the appellant published in its newspaper a story describing a raid at Clarksdale, Miss., conducted by the plaintiff as Deputy Prohibition Administrator, in which a negro was killed. The story included the statement, "Chapman is under state indictment for possessing contraband whiskey." This statement was false. Chapman was not under any indictment for possessing whisky. The false story was widely circulated, and caused the plaintiff much embarrassment. The evidence showed that a report of the raid came to the editor from a correspondent, stating that it was conducted by Chapman. Revising the article, the editor introduced into it the defamatory sentence relating to the indictment. No attempt was made to verify it, although the files in the defendant's office would have disclosed that a prohibition agent by the name of Brister was the man who was indicted under the state law. The error was discovered by the defendant on December 10, 1929, but no retraction was published until March 20th of the next year, when in the body of another article a sentence was inserted purporting to correct the mistake. A verdict was returned for the plaintiff in the sum of $2,500 damages, and $2,500 punitive damages. Judgment was entered on the verdict, and the defendant appealed.

We think there was no error in permitting the jury under a proper instruction to assess punitive damages. It is true that no actual malice was shown, and the defendant introduced evidence tending to show want

of malice. This, however, was not enough to relieve the defendant from liability for punitive damages. It is well settled that reckless indifference to the rights of others is equivalent to the intentional violation of them, and that for the one as well as the other the jury in a case of libel may give punitive or exemplary damages. Post Publishing Company v. Hallam, 59 F. 530 (C. C. A. 6). It is no longer open to question that a corporation is liable in punitive damages for malice or recklessness in publishing a libel. Post Publishing Co. v. Butler (C. C. A. 6) 137 F. 723; New York Evening Post Co. v. Chaloner, 265 F. 204 (C. C. A. 2); Times Pub. Co. v. Carlisle, 94 F. 762 (C. C. A. 8).

■ It is contended, however, that a corporation is not liable in punitive damages for the unlawful acts of a subordinate employee merely because of his malicious motives or recklessness. In so far as this involves a consideration of the scope of the authority delegated to the employee by the corporation, the appellant's interesting contention is noted, though we do not rely upon such ground for decision, that newspaper corporations in respect to liability for libels differ fundamentally from other corporations, in that their purpose and very reason for existence is to gather, edit, and publish news, and that therefore anything that is done with a view to effecting such purpose is in a sense within the scope of an employee's authority. In the instant case, however, the offending employee was not an inferior servant, or one intrusted with merely ministerial duties. He was the Tri-State editor of the defendant's newspaper. His business was to take news from all the towns in three states, and edit it for publication. In that capacity he daily supervised news items coming from some two hundred correspondents. He was one of but two employees of the paper to have the title of editor. We think the corporate powers of the defendant had been sufficiently delegated to this employee to bring the case under the rule of Post Publishing Co. v. Butler, supra, and New York Evening Post Co. v. Chaloner, supra; cf. American Issue Publishing Co. v. Sloan, 248 F. 251 (C. C. A. 6).

■■ When we come to consider the court's instructions to the jury on the subject of compensatory damages, we find more merit in the defendant's assignments of error. In the court's charge we find indication that it had certain elements of damage, including injury to feelings and reputation, rather vaguely in mind, but we search the charge in vain for any express instruction on the measure of damages, or for any guide to, or limitation upon, the jury's field of consideration. It would seem to be elementary that the jury should be directed in its deliberations by the court's statement of the applicable law on so important a matter as the measure of damages. Question is raised as to the sufficiency of defendant's requests and exceptions to the charge. It is true that it asked for an instruction on the subject of special damages when no special damages were either pleaded or proved. It is also true that it requested an instruction limiting consideration of the jury to compensation for injury to reputation, and that such instruction would have excluded consideration of injury to plaintiff's feelings, for which the law awards him compensation. New York Evening Post Co. v. Chaloner, supra. Reading the requested instruction broadly, however, it is clear that the attention of the court was called to the fact that the jury should be instructed on the measure of damages, that such damages only should be awarded as were the direct and proximate result of the libel, and that remote or speculative damages were not to be considered. As was said by this court in Rothe v. Pennsylvania Co., 195 F. 21, 25, "While a party may not complain of the refusal of a requested instruction which does not correctly state the law, the court being under no obligation to reframe a request so as to contain an accurate statement of law, yet where, as here, the meaning of a request is reasonably apparent, and its subject-matter is important and not sufficiently covered by the general charge, a court would not be justified in ignoring the request merely because susceptible of such an interpretation as to make its proposition not absolutely accurate." See, also, Westchester Fire Insurance Co. v. Fitzpatrick, 2 F.(2d) 651, 654 (C. C. A. 3). While in view of these decisions we do not hold it error to have refused the request here presented, we do conclude it was error to have failed to give any instruction at all on the measure of compensatory damages, and that the request, even though erroneous, was sufficiently adequate to direct the court's attention to the oversight.

The judgment is reversed, and the cause remanded for new trial.