## TRANSFER REALTY CO. v. LICHFIELD et al.

No. 5293.  Decided June 13, 1934.  (33 P. [2d] 179.)
Rehearing Denied January 10, 1935.

*Delbert M. Draper* and *M. G. Romney,* both of Salt Lake City, for appellant.

*Brockbank & Pope,* of Provo, for respondents.

CHRISTENSEN, District Judge.

This action was brought to foreclose a certain mortgage covering property in Provo City, Utah.  Plaintiff in its complaint sets out jurisdictional facts and alleges the execution of the note and mortgage sued upon, ownership thereof by plaintiff, default of the mortgagors, right of plaintiff to

sue, and prays for judgment on the note and decree of fore-closure of the mortgage.

Defendants answering admit the jurisdictional facts and the execution of the note and mortgage, deny default in payment, and affirmatively allege that said note and the mortgage have been paid in full and the obligation discharged; that defendant F. O. Buell is the successor in interest of the mortgagors to the property covered by said mortgage; that the Provo Consolidated Real Estate Company and/or the Provo Realty Company were the agents of the Halloran-Judge Trust Company from 1925 to 1930, and that between the 1st day of November, 1928, and the 7th day of September, 1929, the defendant F. O. Buell paid the note and mortgage in full through said agents, and ask that the note be canceled and the mortgage be released of record.

Plaintiff by reply admits that the said Provo firms were the agents of Halloran-Judge Trust Company from 1925 to 1930, but denies that either of said companies, as such agent, had any authority to make any promises or perform any acts on behalf of said Halloran-Judge Trust Company, other than those specified in the contract of agency and in the mortgages and notes executed thereunder; as to the other affirmative allegations of the answer plaintiff's reply is a general denial.

Plaintiff introduced evidence showing the execution of the note and mortgage, various assignments thereof to ownership in appellant and/or Halloran-Judge Trust Company; that only $150 of the principal debt ever reached plaintiff, and that there was unpaid $2,350, with interest from December 1, 1929.

Defendants introduced evidence which showed the defendant F. O. Buell to be the successor in interest of the mortgagor to the property covered by the said mortgage; that the Provo Consolidated Real Estate Company and/or the Provo Realty Company were the agents of Halloran-Judge Trust Company, under written contract of agency for the

purpose of negotiating loans for said Halloran-Judge Trust Company and for the purpose of collecting said loans, both principal and interest thereon; that the defendant F. O. Buell paid to said agents the full amount of the principal and interest of the note and mortgage in this action sued upon. Said payments were in irregular amounts and at irregular times, and were paid for the purpose of paying off the mortgage upon representations of the officers of the Provo Consolidated Real Estate Company and/or the Provo Realty Company that they had authority to receive the money in such manner.

The case was tried to the court sitting with a jury, but at the conclusion of the taking of testimony the plaintiff moved that the case be taken from the jury to be decided by the court, acting without jury. The defendants raised no objection, in fact, concurred in the said motion. Whereupon the trial court took the case from the jury, and, after the case had been duly argued and submitted to the court, the court made findings of fact and conclusions of law and rendered judgment in favor of the defendants and against the plaintiff. The plaintiff has appealed from the judgment, and assigns numerous errors on the part of the court in the admission of certain evidence over the objections of plaintiff and in overruling plaintiff's motion to strike certain testimony from the record (we find no error in the trial court's rulings upon plaintiff's said objections and motion), and in making its findings of fact No. 6, No. 7, and No. 8, and in making its conclusions of law, and in entering judgment for defendants and against plaintiff.

But the sole question, it is agreed by both appellant and respondents, is whether or not there is sufficient competent evidence in the record to sustain the trial court's findings that the Provo Consolidated Real Estate Company and/or the Provo Realty Company, acting through their officers in receiving the payments from Mr. Buell in the amounts and at the times they did, were acting within the scope of their authority.

It is the appellant's contention that the evidence does not sustain the holding of the trial court, while the respondents insist that the preponderance of the evidence clearly and emphatically sustains the court's findings.

Finding of fact No. 6 is as follows:

"That the borrowers had no dealings whatsoever with the said Halloran-Judge Trust Company pertaining to or effecting said loans, but that all of the negotiations and dealings pertaining to said loans and payments thereof were made to and through the Provo Consolidated Real Estate Company and/or Provo Realty Company, agents of the said Halloran-Judge Trust Company.

"That the said Provo Consolidated Real Estate Company and Provo Realty Company held themselves out, and represented to the said borrowers and to the public generally as having authority to receive payments of interest and principal at times other than the due dates of principal and interest, and that any and all loans made by them as agents of the Halloran-Judge Trust Company, could be paid off in full without notice at times other than any interest paying period. That it was the custom and known usage of trade and course of dealings of the said Provo Consolidated Real Estate Company and/or the Provo Realty Company as agents of the said Halloran-Judge Trust Company to receive payments of principal and interest on loans made by said agents for the Halloran-Judge Trust Company, at times other than on the due date thereof, and payments of principal and interest made to said agents other than on the due dates have been accepted by the said Halloran-Judge Trust Company, and the acts of the said agents in receiving payments of principal and interest other than on the due dates thereof have been approved and ratified by the said Halloran-Judge Trust Company. That the said Provo Consolidated Real Estate Company and/or the Provo Realty Company as agents of the said Halloran-Judge Trust Company had authority as such agents to receive payments of interest and principal at times other than the due dates thereof."

The respondents rely upon letters from the Halloran-Judge Trust Company to its agents (plaintiff's Exhibit K and Plaintiff's Exhibit J) herewith given:

"Salt Lake City, October 2, 1928.

"Provo Consolidated Real Estate Company, Provo, Utah.

"Gentlemen: We have received advice from the Metropolitan Life Insurance Company to the effect that hereafter they will accept ad-

ditional principal payments and payments in full on loans only on the interest dates as provided for in the mortgage note.

"You will recall it has been our practice in the past to accept payments at any time, with the understanding that they would be forwarded to the Metropolitan Life Insurance Company. It is necessary, however, to discontinue this practice, and hereafter should a borrower desire to pay his loan off at any time other than at an interest bearing date, it will be necessary for him to pay interest to the next interest date.

"We will appreciate your co-operation in this matter, and ask that you acknowledge receipt of this letter.

"Sincerely yours,

"Wayne T. Wilcox, Vice-President."

"Salt Lake City, Utah, April 17, 1929.

"Provo Realty Co., Provo, Utah,

"Attention: Mr. Clayton

"Dear Mr. Clayton: In response to your letter of the 16th, regarding payment in full of the above entitled loan at this time, our records show that the interest dates on this loan are April and October and while we would like very much to accommodate Mr. Thomas in accepting payment on this loan, we will be unable to do so until the next interest date, October 1st, 1929, due to the fact that we must conform with the ruling recently made, of which you have been previously informed.

"Sincerely yours,

"Ralph B. Wright, Ass't Secretary."

—and the conversations testified to by Mr. Clayton, secretary of Provo Consolidated Real Estate Company and/or Provo Realty Company, and the testimony of Mr. Heal, president of the said Provo firms, and of Attorney J. C. Halbersleben, who testified to certain statements made by Mr. W. J. Halloran, president of the Halloran-Judge Trust Company, and the testimony of defendant E. O. Buell, and of other witnesses who had dealings with Halloran-Judge Trust Company.

This being an equity case, this court may examine the evidence to determine whether or not the trial court's findings are supported by a preponderance of the evidence.

We have so examined the evidence in this case and without considering the evidence further in detail are of the opinion that the trial court's findings under consideration are supported by a clear preponderance of competent proof which justifies the findings, judgment, and decree of the trial court.

It may further be said that this court has frequently applied the general principle of law "that wherever one or two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." 21 C. J. 1170; *Hilton* v. *Sloan*, 37 Utah 359, 379, 108 P. 689; *Heavy* v. *Commercial National Bank*, 27 Utah 222, 75 P. 727, 101 Am. St. Rep. 966; *Harrison* v. *Auto Securities Co.*, 70 Utah 11, 257 P. 677, 57 A. L. R. 388.

And if said general principle were applied in this case, it would, in our judgment, entitle defendants to prevail.

Judgment affirmed.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.