### CARNEY v. UNITED STATES.
### No. 7092.

Circuit Court of Appeals, Sixth Circuit.
Nov. 6, 1935.

Stephens L. Blakely, of Covington, Ky. (Blakely & Murphy, of Covington, Ky., on the brief), for appellant.

C. P. Stephens, of Prestonsburg, Ky. (Mac Swinford, of Covington, Ky., on the brief), for the United States.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Convicted and sentenced for possessing distilled spirits without the immediate containers thereof having affixed thereto stamps evidencing payment of internal rev-

enue taxes, in violation of title 2, section 201 of the Liquor Taxing Act of 1934 (26 USCA § 1152a), the appellant complains of the legal sufficiency of the search warrant under which the liquors were seized, the admission of testimony as to counterfeited revenue stamps, and the failure of the court to instruct the jury that before they could convict they must believe that the appellant knew or had opportunity to know that the stamps were not genuine.

██ The attack upon the search warrant is twofold; the complaint being that the defendant is not named therein, and that the premises are not with particularity described. The first challenge to the warrant is based upon title 11, section 3 of the Act of June 15th, 1917, being section 613, title 18 USCA, which provides that a search warrant may not issue but upon "probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." The contention is obviously without merit. The clear meaning of the section requires that a person to be searched must be named or described. The instant warrant contains no mandate for any search other than that of property, and the only question here is the sufficiency of the property description. The premises are described as "two buildings consisting of a saloon and a combined sandwich shoppe and residence in Kenton County, Kentucky, etc." The evidence at the trial indicated that the building described as a combined sandwich shop and residence was a residence only, and not physically connected with the saloon. However, when the observations were made that led to the affidavit and the issue of the warrant, the building in question bore the sign "Green Top Sandwich Shoppe." We think there can be no reasonable ground for complaint in the fact that the affidavit or the search warrant described the premises as advertised.

██ Upon the search there were found two gallons of moonshine whisky in unstamped containers, a half pint of whisky in an unstamped jug, and a quantity of miscellaneous spirits in bottles, to some of which were affixed genuine stamps, while others bore counterfeits. All of the liquor was received in evidence, together with testimony as to the counterfeit character of certain of the stamps. The appellant objects to the latter on the ground that it

tends to prove an offense not charged in the indictment. The objection is without merit. Counterfeited stamps are not stamps at all within the meaning of the section charged to have been violated. They are evidentiary of the evasion of the tax rather than its payment. Evidence that tends to prove the offense charged is not objectionable because it may also point to the commission of another distinct offense. Astwood v. United States, 1 F.(2d) 639, 640 (C. C. A. 8); Coulston v. United States, 51 F.(2d) 178 (C. C. A. 10); Minner v. United States, 57 F.(2d) 506 (C. C. A. 10); Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996. The appellant confuses the applicable rule with that relating to proof of a distinct offense which has no bearing on the offense charged. Such evidence is, of course, inadmissible unless it is so related in point of time and circumstance as to be persuasive of the defendant's guilty knowledge or intent.

██ The court below having admitted evidence as to the counterfeited stamps, and having called the jury's attention to it, was asked to charge: "That unless the defendant knew that those stamps were counterfeit, and knowingly kept them in his possession, that he cannot be found guilty." The evidence having disclosed the possession of a quantity of nontax paid liquor in addition to that in the stamped containers, the appellant was clearly not entitled to the requested instruction. But even were we to apply the rule that where the meaning of a request is reasonably apparent and its subject matter important, a court is not justified in ignoring it merely because inaccurate, Memphis Press-Scimitar Co. v. Chapman, 62 F.(2d) 565 (C. C. A. 6); Rothe v. Pennsylvania Co., 195 F. 21, 25 (C. C. A. 6), we are not persuaded that the error, if any, was prejudicial. The evidence was clear and uncontroverted that there was possession of liquor in unstamped containers without the aid of those bearing counterfeits. In such circumstances it was not only competent for the jury to convict, but it was their clear duty to do so. Finally, at the conclusion of the colloquy between court and counsel, the court instructed the jury as follows: "The counterfeiting or non-counterfeiting of those stamps has no bearing upon the whiskey that has been introduced in evidence before you that had no stamps at all." We think the practical effect of this instruction was to remove

from the case the issue with respect to the counterfeits.

The judgment below is affirmed.