462 P.2d 169

Marcus W. JOHNSON, dba Marcus W. Johnson Plumbing and Heating, Plaintiff and Appellant,

v.

Joe DOCTORMAN et al., Defendants and Respondents.

No. 11442.

Supreme Court of Utah.

Dec. 2, 1969.

D. Gary Christian, of Kipp & Christian, Salt Lake City, for appellant.

Bernard L. Rose, Salt Lake City, for respondents.

CROCKETT, Chief Justice.

Plaintiff Marcus W. Johnson sued for the value of plumbing services and materials furnished defendants in construction of a building at 2912 South Second West in Salt Lake City of which he was to become tenant lessee on completion. Defendants joined issue and counterclaimed for alleged breach by plaintiff of a five-year lease on the same premises. After a trial the District Court rendered judgment for the plaintiff in the amount of $2,651.84. The defendants filed a timely motion for a new trial. In connection with his consideration of that motion the trial judge made a handwritten memorandum concerning the reopening of the case and the purpose thereof. Difficulty and misunderstanding have arisen here partly because the plaintiff has mistakenly directed his attack on this appeal at this handwritten memorandum. Whatever its import, we are not concerned because it was never filed or in

any way placed in the record in this case. Accordingly, it has no more status than any other personal notation; and in any event, it was superseded by a formal order which was duly signed by the judge and filed on November 6, 1968, which recited:

Defendants' motion for a new trial having come up for hearing, * * * it is now therefore,

Ordered, adjudged and decreed, that *the judgment* made and entered on the 7th day of May 1968, be and the same *is vacated* and the hearing on said cause is re-opened for the purpose of taking further additional testimony. (Emphasis added.)

■■ The order thus made, which became the official action of the court on the motion for a new trial, and which incidentally, is the order referred to in the notice of appeal, is the only order we are concerned with on this appeal.

The important points to note about this order are that it vacates the judgment, and that, although it recites that "said cause is re-opened for the purpose of taking additional testimony," it places no limitation on the purpose of the testimony. Its total effect can only be regarded as the granting of a new trial. Responsive to the plaintiff's attack upon this order is the observation of Judge Van Cott, speaking for this court, in Uptown Appliance & Radio Co., Inc. v. Flint et al.:[1]

It is axiomatic in this State that the decision of the trial judge in reference to the granting or refusing of motions for new trials is a discretionary matter, * * *.

It is necessary that the trial judge have this discretionary power so he can fulfill his duty of general supervision over legal proceedings and have a remedy to apply when he is convinced that there has been substantial and prejudicial error, or the judgment is contrary to the evidence, or the law, or for any other reason there has been a miscarriage of justice. While the power cannot properly be regarded as an arbitrary one, it has consistently been held that the court should have a reasonably broad latitude of discretion which should not be disturbed in the absence of a plain abuse thereof, a circumstance which we do not find present here.[2]

Affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

1. 122 Utah 298, 249 P.2d 826.
2. For discussion of prerogative of trial judge in granting motion for new trial see King v. Union Pac. R. R. Co., 117 Utah 40, 212 P.2d 692; and Page v. Utah Home Fire Insurance Company, 15 Utah 2d 257 at 292, 391 P.2d 290 (1964); see also Valiotis v. Utah-Apex Mining Co., 55 Utah 151 at 162, 184 P. 802 (1919).