**G. EUGENE ENGLAND FOUNDATION, a nonprofit corporation, Plaintiff and Appellant,**

v.

**SMITH'S FOOD KING NO. 6, a Utah Corporation, Defendant and Respondent.**

**No. 13953.**

Supreme Court of Utah.

Nov. 14, 1975.

David A. Greenwood, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and appellant.

Allen H. Tibbals, Tom Welch, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, G. Eugene England Foundation, as the prior owner-lessor of commercial real property at 4085 West and 4715 South in Kearns, Utah, brought suit against the lessee, defendant Smith's Food King No. 6, to recover rent Smith's was paying to the present lessor, First Federal Corporation. On the basis of depositions, interrogatories, and documentary evidence, both parties moved for summary judgment. The court ruled that plaintiff Foundation was not entitled to the rents and granted defendant's motion. Plaintiff appeals.

The substance of plaintiff's contention is: that it had notified defendant Smith's that it was suing First Federal Corporation for the property, and that after such notice, Smith's paid First Federal Corpora-

tion at its own risk; and that plaintiff Foundation having won that suit, defendant Smith's must now pay its rent again to the Foundation.

On May 2, 1968, G. Eugene England and his wife, Dora, leased the store building and premises at the above stated address to defendant Smith's. Shortly thereafter, the Englands transferred their interest to G. Eugene England Foundation, a nonprofit corporation. On April 7, 1969, the Foundation, in turn, conveyed the property to First Federal Corporation in exchange for certain corporate stocks. Smith's was given notice by both parties of the latter transaction and was directed to pay all future rentals to First Federal Corporation; and Smith's thereafter complied with that directive.

A year later, April 3, 1970, the Foundation filed an action against First Federal Corporation in the United States District Court seeking rescission of the exchange transaction on the ground of violation of the Federal Securities Act.[1] It recorded a Notice of Lis Pendens. On July 27, 1970, it filed a petition in the Federal Court to appoint a receiver to collect the rentals pending the outcome of the suit. This petition was denied on administrative grounds not material here.

Several months later, by letter dated October 14, 1970, counsel for the Foundation notified Smith's of the Foundation's suit in the Federal Court against First Federal Corporation, enclosed copies of the amended complaint and the Lis Pendens, and demanded that Smith's pay all future rentals to the Foundation. On October 26, 1970, the Foundation's counsel sent another letter to Smith's lawyer, suggesting that the latter should commence an interpleader action in the State District Court, and enclosed a proposed complaint for that purpose. However, Smith's declined to initiate such an action, but continued to pay its rent to First Federal Corporation in accordance with the terms of its lease.

Six months later, April 19, 1971, the Foundation itself filed this action against defendant Smith's in our Third District Court, alleging that it was entitled to all rentals paid by Smith's after the latter received the notice in the letter of October 14, 1970.

On May 10, 1972, the United States District Court decided the original action in favor of the Foundation, and ordered that the transaction be rescinded as of the date it occurred, April 7, 1969; and gave judgment to the Foundation against First Federal Corporation for all the rental income the latter had received from Smith's since April 7, 1969, determined to be $29,600, plus interest.

On receipt of notice that the United States District Court decision had been in favor of the Foundation, Smith's on May 31, 1972, commenced paying the rents into the Federal District Court, pending the outcome of an appeal of that judgment. The United States Court of Appeals affirmed the judgment on May 21, 1973. As a result of that judgment the Foundation was reinstated in ownership of its property; and it got the rentals which had been paid into federal court after the judgment on May 31, 1972. However, it has not been able to collect the rest of its judgment for the prior rentals collected by First Federal Corporation from Smith's.

It is the failure of First Federal Corporation to pay this judgment that results in the controversy in this case. Plaintiff Foundation argues that after October 14, 1970, when it gave Smith's the notice that it was suing in the Federal Court to rescind the exchange and get the property back, Smith's should not have paid any further rent to First Federal Corporation; and that it having done so, it nevertheless must pay the rent again to plaintiff Foundation, who has rescinded the exchange and thus re-established its right as owner of the property.

As opposed to this, defendants Smith's rejoins that it was obliged to pay the rent-

---

1. Sec. 5 of the Securities Act of 1933 (15 U.S.C. § 77e); § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

al to First Federal Corporation or become in default, hazarding forfeiture of its lease, possible suit in unlawful detainer, with treble damages, and other difficulties attendant therewith.[2] Supplementing this, Smith's argues that it had no obligation to the Foundation to initiate or become involved in a lawsuit, or do anything else for the Foundation until its ownership and right to receive the rents was adjudicated in the pending federal action; and that after this was done it has indeed, paid all subsequent rentals to plaintiff Foundation.[3]

It is pertinent to observe that plaintiff Foundation made no attempt to join First Federal Corporation in this suit in the state court. This may be due to the unusual and complicating circumstance here, that there was the action pending in the Federal Court, alleging violations of the Federal Securities Acts, and over which the Federal Court has exclusive jurisdiction; so the matter could not have been adjudicated in the state court, but would have to abide the outcome of the Federal proceeding.[4] However, it is further noteworthy that the plaintiff did not ask in this State Court suit for the appointment of a receiver[5] to collect and safekeep the rents to abide the outcome of the Federal Court suit; nor did it seek injunctive relief to the same purpose, either of which procedures would have required the posting of a bond to protect Smith's.

■ It may be unfortunate that the Foundation cannot collect its judgment for the rentals against First Federal Corporation. But the fact that apparently the latter cannot pay the judgment should not be held against nor adversely affect Smith's,

who have paid their full rentals and now are sought to be charged the second time. There is another doctrine involved in the administration of justice which bears upon the situation here and harmonizes with the decision of the trial court: where one of two innocent parties must suffer a loss because of the misconduct of the third (First Federal Corporation), the law generally leans toward placing the loss upon the one who made the choice and created the circumstances out of which the loss came about.[6] It was England who chose to get involved with First Federal Corporation and the troubles that emanated therefrom.

■ It is our opinion that the Foundation, having transferred its property to First Federal Corporation and notified Smith's thereof, and having gotten itself into the difficulties concerning ownership of the property, could not properly impose upon Smith's the responsibility of becoming involved in its troubles and litigation, but the latter could properly elect to do as it did: to pay its rent to the lessor-landlord until there was an adjudication that the latter was not entitled to receive the rent.

In consonance with what we have said herein, we have concluded that the trial court was correct in his view that it is not shown that the defendant Smith's had violated any legal duty owed to the plaintiff; and that he was justified in dismissing the complaint.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ.

2. See Title 78, Ch. 36, U.C.A.1953.

3. Under normal circumstances, Smith's could have brought an action pursuant to Rule 22, U.R.C.P., interpleading the Foundation and First Federal Corporation to determine their respective rights and who was entitled to the rent. But in this case there is the complication of the pending action in the Federal Court; and in any event, no such action was brought. See *Hancock Oil Co. of California v. Independent Distributing Co.*, 24 Cal.2d 497, 150 P.2d 463 (1944); *Maulsby v. Scarborough*, 179 Md. 67, 16 A.2d 897 (1940);

49 Am.Jur.2d Landlord and Tenant §§ 125–126; 48 C.J.S. Interpleader § 17.

4. See Sec. 22 of the Securities Act of 1933 (15 U.S.C. § 77v) and § 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) which vest jurisdiction for actions brought thereunder in the United States District Courts.

5. See Rule 66, U.R.C.P.

6. See *Valley Bank and Trust Co. v. Gerber*, 526 P.2d 1121 (Utah 1974); *Transfer Realty Co. v. Lichfield*, 84 Utah 163, 33 P.2d 179 (1934); 27 Am.Jur.2d Equity § 146.