EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. WALDEMAR DEL VALLE, JUEZ, demandado; JOHN DOE, c/p BRAULIO COLÓN, interventor.

Número 2175.

*Sometido:* 11 de junio de 1956. *Resuelto:* 5 de septiembre de 1956.

618

*Hon. Secretario de Justicia José Trías Monge, Rafael L. Ydrach Yordán, Ramón Olivo Nieves, y Augusto Saavedra, Fiscal, Fiscal Especial* y *Fiscal Auxiliar, respectivamente, del Tribunal Supremo,* abogados del peticionario; *Fernando Pérez Regis,* abogado del interventor, acusado en la causa principal.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Braulio Colón Ferrer fué acusado en el Tribunal Superior, Sala de Ponce, de una infracción a la Ley de Espíritus y Bebidas Alcohólicas, núm. 6, Leyes de Puerto Rico, 1936, Tercera Sesión Extraordinaria.   Expedimos un auto de *certiorari* para revisar la resolución del tribunal inferior que declaró con lugar una moción sobre supresión de la evidencia obtenida a virtud de una orden de allanamiento, fundada en que la descripción de la casa a ser allanada según aparece en la declaración jurada y en la orden de allanamiento no era suficiente.

En la declaración jurada y en la orden de allanamiento, la casa a ser allanada se describe así: "...sita en el

Km. 9 carr. de Matrullas, sitio Doña Juana, Bo. Matrullas, Orocovis, P. R. y es de dos aguas, cercada de madera vieja, sin pintar, con una puerta de entrada y una ventana en la parte de atrás, con cocina anexa, con una ventana a cada lado."

No podemos convenir en que esta descripción es de su faz fatalmente defectuosa. Creemos que la descripción era tan específica que la persona a cargo de diligenciar la orden sabía qué casa allanar, y que no se dejó nada a su discreción. *Pueblo* v. *Bonilla*, 78 D.P.R. 152, 156, y casos en él citados. En primer lugar, en casos como el presente en el cual la casa radica en una zona rural, la descripción puede ser suficiente aun cuando necesariamente sea más general que la descripción que se hace de una casa situada en una zona urbana. *Pueblo* v. *Aybar*, 68 D.P.R. 6, 10; *State* v. *Stough*, 2 S.W.2d 767, 769–70 (Mo., 1928); *State* v. *Hollingshad*, 35 S.W.2d 57 (Mo., 1931); 47 Am. Jur., *Searches and Seizures*, sec. 35, pág. 522; Anotación, 74 A.L.R. 1418, 1502; 79 C.J.S. pág. 878. En segundo lugar, aunque no es necesario, se incluyó el nombre de la persona que ocupaba la casa, lo que ayuda también a situar ésta. 47 Am. Jur., *Searches and Seizures*, sec. 35, pág. 526; 79 C.J.S. pág. 878; 1 Alexander, *The Law of Arrest*, pág. 560; Anotación, 74 A.L.R. 1418, 1501. Véanse *Pueblo* v. *Burgos*, 73 D.P.R. 201, 204; *Pueblo* v. *Yulfo*, 71 D.P.R. 820, 822. Finalmente, se describe la casa diciéndose que radica ". . . en el Km. 9 de la carretera de Matrullas . . .". Como indicó el Fiscal en la vista ante el tribunal inferior, "Si la casa no está frente al kilómetro nueve, tendría que establecerse por prueba del [acusado]." Como no se ofreció tal prueba, creemos que la manifestación al efecto de que la propiedad radicaba en el kilómetro 9 de dicha carretera, unida a los hechos de que (1) la casa ubicaba en una zona rural, (2) se describía como la residencia de Braulio Colón, y (3) se suministraban otros detalles de la casa, eran suficientes, en ausencia de evidencia contradictoria, para que la descripción resultara suficientemente precisa para el funcionario encargado de diligenciar la orden de allanamiento. *Pueblo*

v. *Burgos,* supra; Anotación, 74 A.L.R. 1418, 1501; *West* v. *State,* 42 So.2d 751 (Miss., 1949); *Rhodes* v. *State,* 116 S.W.2d 395 (Tex., 1938).

*La resolución del Tribunal Superior declarando con lugar la moción sobre supresión de evidencia será dejada sin efecto y el caso devuelto para ulteriores procedimientos.*