EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELADIO RIVERA ACOSTA, acusado y apelante.

*Número:* Cr-62-93     *Resuelto:* 4 de marzo de 1963

*William Morales Torres,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Sub-Procurador General* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Contra el acusado se expidió una orden en la cual se hacía constar que "[h]abiéndose en este día, 25 de octubre de 1958, presentado prueba por medio de declaración jurada firmada por Melitón Cordero, Policía Núm. 388, creditiva de que Eladio Rivera, quien reside en la Bda. Salazar, de Ponce, P. R. quien es blanco, como de 50 años de edad, pesa como 150 y mide como 62 pulgadas de estatura, tiene pelo canoso, no tiene bigote, usa sombrero, se está dedicando a transportar y ofrecer en venta actualmente, material de Boli-pool," etc. y "[q]ue esto le consta al declarante, porque el día 24 de octubre de 1958, a eso de las 3:00 P.M., mientras pasaba por la calle 4 de la Bda. Bélgica, de Ponce, Puerto Rico, vi al querellado en los momentos en que tenía en sus manos una gran cantidad de boletos de distintos colores con letras y números impresos y dichos boletos consistían en franjas o listas de papel como de 1" de ancho y como de 5" de largo, los cuales eran iguales a los que se usan en el juego ilegal de boli-pool. Que el querellado le ofrecía estos boletos a un hombre trigueño que estaba a su lado. Que al ir a acercarme a este individuo, alguien dijo: 'peligro, te cogen', entonces el querellado y su acompañante, se dieron a

la fuga. Que el declarante está seguro de que se trataba de material de boli-pool ya que los mencionados boletos o tickets, eran similares a otros boletos o tickets, que en otras ocasiones ha visto, en casos de bolita llevados a los Tribunales y en los cuales él ha intervenido y además, por haberse dado a la fuga al notar la presencia del declarante, llevándose consigo el material mencionado".

El acusado fué registrado y se encontró material de bolita en su posesión. Previo al juicio solicitó la supresión del material ocupado. Le fué negado. En apelación es el único error que apunta. Sostiene (1) que la Sec. 3 de la Ley Núm. 220 de 1948 —33 L.P.R.A. sec. 1249 no autoriza el allanamiento de una persona; (2) que la orden de registro dirigida contra la persona del acusado no justificaba la detención del automóvil en que viajaba y (3) que la declaración jurada no expone hechos suficientes para la expedición de la orden de allanamiento.

■ En cuanto al primer fundamento si bien es verdad que la Sec. 3 de la Ley Núm. 220 de 1948 expresa que "[c]uando la Policía Insular de Puerto Rico o la fuerza especial de investigación que por esta Ley se crea, previa orden de allanamiento expedida por magistrado competente, cuando tal orden fuere necesaria, sorprendiere a una o varias personas en cualquier habitación, casa, edificio, estructura o sitio de cualquier clase, que se esté dedicando a la manipulación de los juegos conocidos por 'Bolita', 'Boli-pool', combinaciones clandestinas relacionadas con los 'Pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, deberá, después de incautarse de todos los implementos, monedas, artefactos, materiales y enseres, dar traslado del asunto al Fiscal del Distrito Judicial correspondiente, para que se proceda contra dicha persona o personas de conformidad con las disposiciones de esta Ley," en forma alguna puede interpretarse como que deja sin efecto las disposiciones contenidas en los Arts. 502 y 506 del Código de En-

juiciamiento Criminal —34 L.P.R.A. secs. 1812(3) y 1816— que expresamente autorizan el registro de las personas. Ver además: *Pueblo* v. *Yulfo,* 71 D.P.R. 820 (1950). Sería poco menos que absurdo interpretar así la ley.

■ Consideremos el segundo fundamento al efecto de que la orden de registro a la persona del acusado no autorizaba la detención del automóvil en que viajaba. Los hechos por los cuales se acusa al apelante ocurrieron en octubre de 1958. En *Pueblo* v. *Sánchez David,* 83 D.P.R. 409 (1961) un caso de infracción a la Ley 220, expresamos refiriéndonos al Art. 7(n) de la Ley de Automóviles y Tránsito de 1946— 9 L.P.R.A. sec. 177(n)—, que la policía podía ordenar a un conductor detener su vehículo. Y obviamente podía ordenar que se detuviera el vehículo donde iba de pasajero la persona contra la cual tenía una orden de registro. Al registrar al acusado se le ocupó material de bolita en su persona.

■ En cuanto al tercer fundamento al efecto de que la declaración jurada que sirvió de base para expedir la orden de registro no expone hechos suficientes, de una lectura de la misma surge que sí lo expone. Expuso así el declarante:

"Que esto me consta de propio conocimiento porque el día 24 de octubre de 1958 como a las 3:00 P.M., mientras pasaba por la calle 4 de la Bda. Bélgica de Ponce, P. R., vi al querellado en los momentos en que tenía en sus manos una gran cantidad de boletos de distintos colores con letras y números impresos y dichos boletos consistían en franjas o listas de papel como de 1" de ancho y como de 5" de largo, los cuales eran iguales a los que se usan en el juego ilegal de Boli-Pool. Que el querellado le ofrecía estos boletos a un hombre trigueño que estaba a su lado. Que al ir a acercarme, a este individuo, alguien dijo 'peligro, te cogen', entonces el querellado y su acompañante, se dieron a la fuga."

*Se confirmará la sentencia apelada.*